**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **CHARLENE BURNETT,**<br><br>              **Plaintiff,**<br><br>vs.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JAMES H. WOODALL; and DOES 1-50,**<br><br>              **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No.  1:09CV00069DAK |

      This matter is before the court on Defendant James H. Woodall's Motion to Dismiss the Complaint, Defendant's Request for Judicial Notice, and Plaintiff Charlene Burnett's Motion to Strike Portion of Defendant's Reply.  A hearing on the motions was held on September 23, 2009.  Defendant was represented at the hearing via telephone by Peter J. Salmon.  Plaintiff was represented by Larry Reid. The court has carefully considered the parties' memoranda and the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

      On or about April 16, 2007, Plaintiff purchased a home (the "Property") in Weber County, Utah. In order to finance the purchase, Plaintiff applied for and received a loan from Academy Mortgage Corp. ("Academy") for $328,800. In conjunction with the loan, Plaintiff signed a promissory note and trust deed. The trust deed identified Academy as "Lender," Plaintiff as "Borrower," Mountain View Title & Escrow as "Trustee," and

Mortgage Electronic Registration Systems, Inc. ("MERS") as "beneficiary." The trust deed stated:

> Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Plaintiff apparently defaulted under the trust deed as of the August 2008 contractual monthly payment. Thereafter, on November 21, 2008, MERS filed a Substitution of Trustee form appointing Woodall as Successor Trustee. Woodall, in turn, filed a "Notice of Default" that same day. Plaintiff admits in her Complaint that she attempted to negotiate "a loan modification" but was allegedly unable to determine the identity of the holder of the Note and Trust Deed. She claims she could not get this information from "MERS or anyone else." Plaintiff demanded that Woodall release the Notice of Default, which Woodall declined to do.

On May 19, 2009, the Property was sold by Woodall, acting as Trustee, at public auction for $215,563.18. On the same day the Property was sold, Plaintiff filed this Complaint and Jury Demand against MERS, Woodall, and Does 1-50 alleging six separate theories of recovery.

**DISCUSSION**

I.  Motion to Dismiss

Defendant Woddall moves to dismiss each of Plaintiff's claims.  Plaintiff's claims against Woodall include (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), (2) violations of the Utah Consumer Sales Practices Act ("UCSPA"), (3) breach of duty, (4) a request for declaratory judgment, (5) violations under § 57-1-31 of the Utah Code and (6) slander of title.  The driving argument underlying all of Plaintiff's claims is that MERS lacked authority to initiate the foreclosure of the Property or to appoint Woodall Successor Trustee. Plaintiff argues that because MERS was without authority to appoint Woodall Successor Trustee that Woodall also lacked authority.  Each will be considered separately.

  A.  FDCPA

Defendant argues that he is not a "debt collector" under the FDCPA and that Plaintiff has failed to allege that he performed any act in relation to Plaintiff that would constitute debt collection. Defendant asserts that all purported violations of the FDCPA arose from conduct performed while effectuating the non-judicial foreclosure, which this court previously held is not debt collection. *Maynard v. Cannon*, 2008 WL 2465466 *4 (D. Utah 2008).  Plaintiff argues that her Complaint alleges that Defendant "regularly engages in the collection of consumer debt." Plaintiff reasons that this general allegation is sufficient, without alleging any specific debt collection conduct in regards to her, for the court to find that Defendant is a "debt collector" under § 1691a(6), and therefore subject to all provisions of the FDCPA.

Meeting the statutory definition of "debt collector" under 15 U.S.C. §1691a(6) is a prerequisite to finding a violation of §§1692e and 1692g of the FDCPA.  Under the FDCPA,

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or *who regularly collects or attempts to collect*, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C.§ 1691a(6) (emphasis added).

Thus the plain language of the statute states that a debt collector includes any person who regularly collect debts.  Section 1691a(6) casts a wide net to include all persons who "regularly collect" or "attempt to collect" debts.  Plaintiff's allegation that Defendant "regularly engages in the collection of consumer debt," which she contends the court must accept as true for purposes of a motion to dismiss, would make Woodall a "debt collector" within the meaning of § 1691a(6).  Defendant, however, argues that Plaintiff's allegation merely parrots the language of the statute and does not meet the pleading standards under *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007).

The court concludes that it is unnecessary to determine whether Plaintiff's allegation meets *Twombly*'s standards because the crux of the motion deals with whether Plaintiff has alleged specific acts of debt collection in regards to her.  Falling within the definition of "debt collector" under § 1691a(6), is not the only expedient that Plaintiff must allege in order to establish a violation of §§ 1692e and 1692g. Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means *in connection* with the *collection of* [*a*] *debt*." (emphasis added). Similarly, § 1692g requires that a debt collector provide certain notices "[w]ithin five days after the

4

initial communication with a consumer *in connection* with the *collection of* [*a*] *debt*[.]" (Emphasis added).

According to the plain language of these sections, for a violation to potentially exist, a person must not only be classified as a "debt collector," but must also be acting "in connection" with the "collection of [a] debt." A trustee engaged in non-judicial foreclosure is not acting "in connection" with the "collection of [a] debt." The court noted in *Maynard* that a non-judicial foreclosure is inherently different than debt collection or even judicial foreclosure. *Maynard*, 2008 WL 2465466 at *3. Therefore, a trustee, like Defendant here, who may satisfy §1691a(6)'s general definition of a "debt collector," but who limits his or her conduct in regards to a particular trustor/debtor to those activities necessary to effectuate the statutory requisites of non-judicial foreclosure, will not be liable under §§1692e or 1692g.

Even if the court were to accept Plaintiff's argument that Woodall meets that general definition of "debt collector" under § 1692a(6), and must therefore be subject to the entire FDCPA, Plaintiff has failed to alleged the second requisite necessary to show a violation of §§ 1692e and 1692g – that Woodall acted "*in connection with* the collection of [a] debt." To show that Defendant acted in connection with the collection of a debt, Plaintiff must allege that Defendant performed some specific act of debt collection in regards to her other than simply performing his assigned role as trustee under the Deed of Trust.  Plaintiff has failed to do.

Plaintiff would have the court hold that a trustee engaged exclusively in effectuating a non-judicial foreclosure, like Defendant here, must comply with the requirements of §§ 1692e and 1692g. But this would be contrary to the express language

5

of these sections which require that the debt collector be acting "in connection" with the collection of a debt.  While Plaintiff cites *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006) to support her position, *Kaltenbach* expressly declined to address the issue of whether the trustee in that case had acted "in connection" with debt collection.  In addition, *Kaltenbach* dealt with a judicial foreclosure, not a nonjudicial foreclosure. *Kaltenbach v. Richards*, 464 F.3d at 526; *Maynard*, 2008 WL 2465466 at *3. Therefore, *Kaltenbach* does not support Plaintiff's argument.

A trustee engaged to effectuate a non-judicial foreclosure does not act "in connection with the collection of [a] debt" when that trustee limits his or her conduct to the statutory requisites governing non-judicial foreclosure. Even if Woodall were a "debt collector" within the general meaning of § 1692a(6), Plaintiff has not alleged that he acted in connection with the collection of a debt.  Plaintiff argues that *Maynard* is distinguishable because it was decided on summary judgment. But Plaintiff's Complaint is based on Defendant's contacts with her specifically.  Plaintiff is aware at this stage of the proceedings of Defendant's conduct towards her and she has failed to allege any conduct outside the non-judicial foreclosure.  The court, therefore, concludes that Defendant cannot be liable for violating §§ 1692e or 1692g, and Plaintiff fails to state a claim under either of these sections.

While Plaintiff fails to state a claim under §§ 1692e or 1692g of the FDCPA, the question remains whether Plaintiff successfully states a claim under § 1692f(6)(A). Section 1692f(6) is applicable to trustees performing non-judicial foreclosures notwithstanding its prefacing language which states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect *any debt*."  15 U.S.C. § 1692f

6

(emphasis added); s*ee also Maynard*, 2008 WL 2465466 at *4. As noted, and as *Maynard* held, effectuating a non-judicial foreclosure is not an "attempt to collect a debt." *Id*. Nonetheless, § 1692f(6) still regulates trustees' conduct while engaging in non-judicial foreclosures. *Id*.; *see Maynard*, 2008 WL 2465466 at *4; § 1691a(6).[1]

Even though Woodall is subject to §1692f(6), the court concludes that Plaintiff fails to state a claim under § 1692f(6)(A) because Woodall had a present right to possession of the Property. Section 1692f(6) proscribes a "debt collector" from:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if –
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest[.]

Plaintiff argues that Woodall violated this section because when he foreclosed on the Property he allegedly did not have a right to possession. But the Deed of Trust expressly gives MERS both the authority to foreclose and the authority to appoint a successor trustee:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and *to take any action required of Lender* including, but not limited to, releasing and canceling this Security Instrument.

---

[1] Section 1691a(6) gives the general definition of a "debt collector" which includes "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Apparently realizing that such a definition would exclude persons from the definition of "debt collector" who merely enforce security interests, Congress added the following provision: "*For the purpose of section 1692f(6)* of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." (Emphasis added). Thus, § 1691a(6) evinces a deliberate and calculated effort to cause persons, like Defendant in this case, who would not ordinarily fall within the general provisions' regulatory scheme, to be subject to § 1692f(6).

7

Thus, when Plaintiff defaulted on her contractual monthly payments, MERS had authority under the Deed of Trust to initiate foreclosure proceedings and to appoint Woodall as successor trustee. Upon Burnett's default in payments, MERS had authority to "take any action" required of Lender, including the right to appointed Woodall trustee and the right to foreclose and sell the property. Under the terms of the trust deed, Plaintiff cannot successfully claim that there was no right to possession. Thus, Plaintiff fails to state a claim under § 1692f(6).

### B. UCSPA

Next, Woodall moves the court to dismiss Plaintiff's second cause of action under the UCSPA. Woodall argues that the UCSPA does not apply to his conduct because the specific and comprehensive legislative scheme meant to govern actions of a trustee under a deed of trust is found in Utah's trust deed statute, and the more detailed and comprehensive regulation of trustees' actions preclude liability under the UCSPA. *See* Utah Code Ann. §§ 57-1-1 to -45.

To support this argument, Woodall cites *Carlie v. Morgan*, 922 P.2d 1 (Utah 1996). In *Carlie*, plaintiffs were displaced from their apartment when the building was closed due to health code violations and brought suit against the owner of the apartment building alleging violations of the UCSPA. *Id*. at 2. But the court held that the UCSPA did not provide a remedy for the uninhabitable condition of property because the legislature had addressed this precise aspects of the landlord/tenant relationship in the Utah Fit Premises Act. *Id*. at 5-6.

In this case, Utah's trust deed statute specifically regulates the conduct of a trustee under a deed of trust. Section 57-1-19 defines the various terms associated with trust

deeds; § 57-1-21 addresses the qualifications of trustees; § 57-1-21.5 enumerates certain non-delegable duties of trustees and provides both criminal and civil penalties for trustee misconduct; § 57-1-22 governs the appointment of successor trustees; § 57-1-23 governs the trustee's power of sale; § 57-1-24 governs the Notice of Default; § 57-1-25 sets forth procedures for the Notice of Sale; § 57-1-31.5 outlines what trustees must disclose to trustors and also provides exceptions to disclosure; and further provisions of the statute continue to regulate the conduct of trustees effectuating non-judicial foreclosures.

Plaintiff argues that the trust deed statute cannot preclude UCSPA claims because it does not provide a remedy for "unconscionable or deceptive acts" by trustees. But as noted, §57-1-21.5 provides both criminal and civil penalties for certain unconscionable and deceptive practices of trustees. Also, Utah case law provides that a debtor/trustor may set aside the trustee sale if there has been "irregularity, want of notice, or fraud." *Concepts, Inc. v. First Sec. Realty Services, Inc*., 743 P.2d 1158, 1159 (Utah 1987). The court concludes that the comprehensive and detailed regulatory scheme of Utah's trust deed statute aimed at trustee conduct, the civil remedies and criminal consequences therein, and the ability of trustors/debtors to set aside a foreclosure sale where a trustee has acted with fraud, irregularity or want of notice precludes Plaintiff from stating a claim under the UCSPA. Accordingly, the court grants Defendant's motion to dismiss Plaintiff's second cause of action.

C. Breach of Duty

"A trustee's primary obligation is to assure the payment of the debt secured by the trust deed." *Russell v.Lundberg*, 2005 UT App 315, ¶ 19, 120 P.3d 541. A non-judicial foreclosure trustee does not owe a fiduciary duty to the trustor merely because of their

general relationship under the deed of trust. *Id*. While no fiduciary duty exists, generally, the parties agree that a trustee does have a duty " 'to act with reasonable diligence and good faith on [the trustor's] behalf consistent with [the trustee's] primary obligation to assure payment of the secured debt.' " *Five F, L.L.C. v. Heritage Sav. Bank*, 2003 UT App 373, ¶ 14, 81 P.3d 105 (alterations in original) (quoting *Blodgett*, 590 P.2d 298, 303 (Utah 1978).

Plaintiff argues that Woodall owed her a duty to postpone the Property sale and "refuse to proceed" until Woodall had conducted an investigation into MERS standing. But the court concludes that Woodall did not breach his duty of reasonableness and good faith because the language in the Deed of Trust is clear. MERS had authority to "exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." Accordingly, Woodall was under no duty to investigate the authority of MERS beyond this language. Plaintiff fails to state a claim for breach of duty.

D. Declaratory Judgment

Each of Plaintiff's petitions for declaratory judgment are premised on the assumption that MERS was without authority to initiate foreclosure proceedings and to appoint Woodall successor trustee. As previously noted, however, the language in the Deed of Trust clearly grants MERS the authority to exercise the full ambit of authority possessed by the Lender. Plaintiff's request for declaratory judgment is, therefore, dismissed.

E. Utah Code Section 57-1-31

Section 57-1-31 of the Utah Code provides:

> Whenever all or a portion of the principal sum of any obligation secured by a trust deed has . . . become due . . . by reason of failure of the trustor to pay, in accordance with the terms of the trust deed . . . the trustor . . . at any time within three months of the filing for record of notice of default under the trust deed . . . may pay to the beneficiary or the beneficiary's successor in interest the entire amount then due under the terms of the trust deed . . . and thereby cure the existing default.

Utah Code Ann. § 57-1-31 (2009).

Plaintiff claims a violation of §57-1-31 solely from her allegation that "MERS cannot be the beneficiary under the Deed of Trust." Plaintiff argues that she had "no means of curing [the] default" because § 57-1-31 instructs trustors to cure by paying the entire amount due and owing to the beneficiary. Plaintiff argues that she had no way of curing her default because she was purportedly unable to identify who the beneficiary was, and because, in Plaintiff's words, "MERS cannot be the beneficiary." But Plaintiff's issue with MERS' being named beneficiary is not sufficient to state a claim under § 57-1-31 against Woodall. Thus the court concludes that Plaintiff fails to state a claim against Woodall under § 57-1-31.

   F.  Slander of Title

"Slander of title is effected by one who without privilege publishes untrue and disparaging statements with respect to the property of another under such circumstances as would lead a reasonable person to foresee that a prospective purchaser or lessee thereof might abandon his intentions." *Olsen v. Kidman*, 120 Utah 443, 448 (1951). It is undisputed that Plaintiff defaulted under the Deed of Trust. The Deed of Trust expressly authorizes MERS to initiate foreclosure proceedings. In exercising its power under the Deed of Trust, MERS appointed Woodall to carry out the foreclosure.

Recording a Notice of Default and Notice of Trustee's Sale is an integral part of the foreclosure process. § 57-1-24; § 57-1-25. Therefore, Woodall's actions were privileged, and the court concludes that Plaintiff fails to state a claim for slander of title.

## II. Request for Judicial Notice

Defendant moves the court to take judicial notice pursuant to Federal Rules of Evidence 201 of the following documents all recorded in the official records of Weber County: (1) the Deed of Trust record number 2257735, (2) the Substitution of Trustee Form record number 2376751, (3) the Notice of Default record number 2376752, and (4) the Trustee's Deed record number 2413170.

Rule 201 provides: "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Necessary information is supplied to the court if documents presented to the court for judicial notice are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* at 201(b)(2). As Defendant submitted the above documents to the court and served them upon Plaintiff, and as these documents are capable of accurate and ready determination by resort to the official records of Weber County, the court takes judicial notice of all documents requested.

## III. Motion to Strike a Portion of Defendant's Reply

Plaintiff moves the court to strike from Defendant's reply memorandum those portions alleging that Plaintiff has failed to meet the pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Reply memoranda must be limited to matters raised in the memorandum opposing the motion. DUCivR 7-1(b)(3). Plaintiff

argues that Defendant's raising *Twombly* does not appropriately respond to anything in her memorandum in opposition to Defendant's Motion to Dismiss.

But Plaintiff contended in her opposition that her allegation that Defendant "regularly engages in the collection of consumer debts" was sufficient for the court to find that Woodall is a debt collector under the FDCPA. Plaintiff's argument, therefore, raised the issue of the sufficiency of her pleading. Defendant's reliance on *Twombly* is an appropriate response to Plaintiff's argument. Moreover, Defendant cited to the *Twombly* standard in his opening memorandum. The court finds no basis for striking the *Twombly* arguments raised in Defendant's reply memorandum. Accordingly, Plaintiff's Motion to Strike is denied.

## CONCLUSION

As set forth above, Plaintiff's Motion to Strike a Portion of the Reply is DENIED; Defendant's Request for Judicial Notice in Support of Motion to Dismiss is GRANTED; and Defendant's Motion to Dismiss the Complaint is GRANTED.  This case is dismissed with prejudice.

DATED this 26th day of October, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

13